# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUAN CARLOS REYES,**<br>**Petitioner**<br>v.<br>**UNITED STATES OF AMERICA,**<br>**Respondent** | CASE NO. 1:14-CR-0207 AWI-1<br><br>**ORDER DENYING PETITION AND AMENDED PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**<br><br>(Doc. Nos. 74, 76) |

Through operation of the prison mailbox rule, on June 15, 2020, Petitioner Juan Carlos Reyes filed a pro se petition for relief under 28 U.S.C. § 2255. See Doc. No. 74. On June 16, 2020, counsel was appointed to represent Petitioner. See doc. No. 73. On June 22, 2020, the Court ordered appointed to counsel to either amend the pro se petition, withdraw the petition, or file another appropriate motion. See Doc. No. 75. On June 23, 2020, appointed counsel filed an amended § 2255 petition. After review, the Court will deny the petitions.

*Background*

On July 20, 2015, Petitioner pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See Doc. Nos. 27, 29.

On October 19, 2015, Petitioner was sentenced to 30 months imprisonment for the § 2113(a) and (d) violation and 84 months imprisonment for the § 924(c)(1) violation. See Doc. Nos. 42, 43. The sentences ran consecutively, resulting in a total term of imprisonment of 114 months. See Doc. Nos. 42, 43. Judgment was entered on October 26, 2015. See Doc. No. 43. Petitioner filed no appeals and, except for this petition, no petitions for habeas corpus relief.

*§ 2255 Framework*

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under § 2255, a district court must grant a prompt hearing to a petitioner in order to determine the validity of the petition and make findings of fact and conclusions of law, "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. United States v. Withers, 638 F.3d 1055, 1062-63 (9th Cir. 2011); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1983). A petitioner is not required to allege facts in detail, but he "must make factual allegations" and cannot rest on conclusory statements. Baumann, 692 F.2d at 571; United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980). Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).

*Petitioner's Argument*

Petitioner argues that § 924(c)(1)(A) provides that anyone convicted of using and carrying a firearm during and in relation to a crime of violence must be sentenced to a term of imprisonment of seven years if a firearm is brandished, to run concurrently to any other sentence imposed. A "crime of violence" is defined by § 924(c)(3) through either the "elements clause" of § 924(c)(3)(A) or the residual clause of § 924(c)(3)(B). Under the *United States v. Davis*, 139 S.Ct. 2319 (2019), the § 924(c)(3)(B) residual clause is unconstitutionally vague. Armed bank robbery under § 2113(a) and (d), the predicate offense for Petitioner's § 924 conviction, is not a crime of violence under the § 924(c)(3)(A) elements clause. Although the Ninth Circuit has held to the contrary in *United States v. Watson*, that case was wrongly decided and should not bar relief. Because Petitioner did not commit a "crime of violence" for purposes of § 924, his

conviction for violating § 924(c)(1) and the corresponding 120 month consecutive sentence cannot stand.

*Discussion*

Initially, the Court notes that even though Petitioner's conviction became final in 2015, this petition is timely. 28 U.S.C. § 2255(f) sets a one-year limitations period to a file a § 2255 petition. As relevant here, one of the starting dates for the one-year period is the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As discussed above, Petitioner seeks relief under *Davis*, which was decided by the Supreme Court on June 24, 2019. Although the Ninth Circuit has yet to address the issue, other circuits have concluded that *Davis* applies retroactively. See United States v. Reece, 938 F.3d 630, 635 (5th Cir. 2019); United States v. Bowen, 936 F.3d 1091, 1097 (10th Cir. 2019); In re Hammond, 931 F.3d 1032, 1038 (11th Cir. 2019). The Court will follow the holdings of these circuits. Since Petitioner filed his petition on June 15, 2020, his petition complies with the one-year limitation period of § 2255(f)(3).

With respect to the merits of Petitioner's arguments, no relief is appropriate. Section 924(c)(1) prohibits in relevant part the using or carrying a firearm "during and in relation to a crime of violence." 18 U.S.C. § 924(c)(1); United States v. Routon, 25 F.3d 815, 817 (9th Cir. 1994). A "crime of violence" for purposes of § 924(c)(1) is defined in one of two ways, through either the "elements clause" of 18 U.S.C. § 924(c)(3)(A) or the "residual clause" of 18 U.S.C. § 924(c)(3)(B). See 18 U.S.C. § 924(c)(3); United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018). *Davis* declared that § 924(c)(3)(B), the "residual clause," was unconstitutionally vague. Davis, 139 S.Ct. at 2336; United States v. Burke, 943 F.3d 1236, 1238 (9th Cir. 2019). If Petitioner's conviction and sentence were dependent on the application of § 924(c)(3)(B), his arguments and reliance on *Davis* would have merit. However, the "crime of violence" that supports Petitioner's conviction is armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The Ninth Circuit has expressly held that armed bank robbery under § 2113(a) and (d) is a crime of violence pursuant to the elements clause of. § 924(c)(3)(A). Watson, 881 F.3d at 784-86; see

also <u>United States v. Ali</u>, 789 F. App'x 653, 654 (9th Cir. 2020) (following *Watson* and holding that armed bank robbery under § 2113(a) and (d) is a crime of violence under § 924(c)(3)(A)). *Davis* does not impact the § 924(c)(3)(A) elements clause. <u>United States v. Nikolla</u>, 950 F.3d 51, 53 n.4 (2d Cir. 2020). Thus, *Watson* forecloses Petitioner's arguments.

Petitioner candidly acknowledges *Watson*, but makes several arguments that *Watson* was wrongly decided, is not controlling, and should not bar relief. The arguments are unpersuasive. This Court is bound by and must follow *Watson*, irrespective of what the Court may or may not think about the soundness of *Watson*'s holding, until the Ninth Circuit or Supreme Court overrules it. <u>See</u> <u>Hart v. Massanari</u>, 266 F.3d 1155, 1175 (9th Cir. 2001). Moreover, the Ninth Circuit has relied on *Watson* in a number of cases to deny relief, despite arguments that *Watson* was wrongly decided. <u>E.g.</u> <u>United States v. Davis</u>, 2020 U.S. App. LEXIS 18009, *1 (9th Cir. June 8, 2020); <u>Piers v. United States</u>, 2020 U.S. App. LEXIS 4037, *1 (9th Cir. Feb. 10, 2020); <u>United States v. Ali</u>, 789 F. App'x 653, 654 (9th Cir. 2020). In light of *Watson*, the Court must deny the petition. <u>See</u> <u>Watson</u>, 881 F.3d at 784-86; <u>Hart</u>, 266 F.3d at 1175.

*Certificate of Appealability*

28 U.S.C. § 2253 provides in pertinent part:

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that a court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a

4

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In the present case, the Court finds there is an insufficient indication that Petitioner has suffered the denial of a constitutional right which would justify the issuance of a certificate of appealability.  See 28 U.S.C. § 2253(c); Slack, 529 U.S. at 483-84.  Given the *Watson* decision and the Ninth Circuit decisions that post-date *Davis* and follow *Watson*'s holding, reasonable jurists would not debate that Petitioner is not entitled to federal habeas corpus relief.   Therefore, the Court will deny a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's 28 U.S.C. § 2255 petition (Doc. No. 74) and amended petition (Doc. No. 76) are DENIED; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 24, 2020

SENIOR  DISTRICT  JUDGE